IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

UNITED STATES OF AMERICA

v.

JAMES WILLIAM MARTIN, JR.

Criminal No. 26-72

[UNDER SEAL]

**FILED**

APR 1 4 2026

CLERK U.S. DISTRICT COURT
WEST. DIST. OF PENNSYLVANIA

## INDICTMENT MEMORANDUM

AND NOW comes the United States of America, by its attorneys, Troy Rivetti, United States Attorney for the Western District of Pennsylvania, Trial Attorney Rachel L. Rothberg, and Kelly M. Locher, Assistant United States Attorney for said District, and submits this Indictment Memorandum to the Court:

## I. THE INDICTMENT

A federal grand jury returned a three-count Indictment against the above-named defendant for alleged violations of federal law:

| COUNT | OFFENSE/DATE | TITLE/SECTION |
|---|---|---|
| 1 | Advertising and Attempted Advertising of Visual Depictions of Minors Engaging in Sexually Explicit Conduct<br><br>From in and around April 2022 through in and around August 2024 | 18 U.S.C. §§ 2251(d) and 2251(e) |
| 2 | Distribution and Attempted Distribution of Visual Depictions of Minors Engaging in Sexually Explicit Conduct<br><br>From in and around April 2022 through in and around August 2024 | 18 U.S.C. §§ 2252(a)(2) and 2252(b)(1) |
| 3 | Accessing With Intent to View Material Depicting the Sexual Exploitation of a Minor | 18 U.S.C. §§ 2252(a)(4)(B) and 2252(b)(2) |

From in and around April 2022 through
in and around August 2024

## II. ELEMENTS OF THE OFFENSES

**A.      As to Count One:**

In order for the crime of Advertising Visual Depictions of Minors Engaging in Sexually Explicit Conduct, in violation of Title 18, United States Code, Sections 2251(d) and 2251(e), to be established, the government must prove all of the following essential elements beyond a reasonable doubt:

1.      At the time, the victim was under the age of eighteen years.

2.      That the defendant knowingly made, printed, published, caused to be made, caused to be printed, or caused to be published a notice or advertisement.

3.      The notice or advertisement sought or offered to receive, exchange, buy, produce, display, distribute, or reproduce any visual depiction, if the production of the visual depiction utilized the minor victim engaging in sexually explicit conduct and such visual depiction is of such conduct; and

4.      Either:

a. the defendant knew or had reason to know that such notice or advertisement would be transported using any means or facility of interstate or foreign commerce or in or affecting interstate or foreign commerce by any means including by computer; or

b. the notice or advertisement was transported using any means or facility of interstate or foreign commerce, or in or affecting interstate or foreign commerce by any means including by computer.

Title 18, United States Code, Sections 2251(d) and (e).

**B.     As to Count Two:**

In order for the crime of Distributing Visual Depictions of Minors Engaging in Sexually Explicit Conduct, in violation of Title 18, United States Code, Sections 2252(a)(2) and 2252(b)(1), to be established, the government must prove all of the following essential elements beyond a reasonable doubt:

1.     The defendant knowingly distributed a visual depiction;

2.     The production of the visual depiction involved the use of a minor engaging in sexually explicit conduct;

3.     The visual depiction was of a minor engaging in sexually explicit conduct;

4.     The defendant knew that the visual depiction was of a minor engaging in sexually explicit conduct; and

5.     The visual depiction was distributed using any means or facility of interstate or foreign commerce, or that was mailed, or shipped or transported in or affecting interstate or foreign commerce, or which contains materials which have been mailed or so shipped or transported, by any means including by computer.

Title 18, United States Code, Sections 2252(a)(2) and (b)(1).

**C.     As to Count Three:**

In order for the crime of Access with Intent to View Material Depicting the Sexual Exploitation of a Minor, in violation of Title 18, United States Code, Sections 2252(a)(4)(B) and 2252(b)(2), to be established, the government must prove all of the following essential elements beyond a reasonable doubt:

3

1.     That the defendant knowingly accessed with intent to view at least one matter which contained a visual depiction of a minor engaging in sexually explicit conduct, as those terms are defined in Title 18, United States Code, Section 2256;

2.     That the production of such visual depiction involved the use of a minor engaging in sexually explicit conduct, as those terms are defined in Title 18, United States Code, Section 2256, and the visual depiction was of such conduct;

3.     That the defendant knew that the production of such visual depiction involved the use of a minor engaging in sexually explicit conduct;

4.     The visual depiction had been mailed, shipped or transported using any means or facility of interstate or foreign commerce, or in or affecting interstate or foreign commerce, or had been produced using materials which had been mailed, shipped, or transported in or affecting interstate or foreign commerce, by any means including by computer; and

5.     That the visual depiction involved either a prepubescent minor or a minor who had not attained 12 years of age.

Title 18, United States Code, Sections 2252(a)(4)(B) and 2252(b)(2).

### III. PENALTIES

**A.     As to Count One: Advertising Visual Depictions of Minors Engaging in Sexually Explicit Conduct (18 U.S.C. §§ 2251(d) and (e)):**

1.     Imprisonment of not less than fifteen (15) years, nor more than thirty (30) years, but if such person has a prior conviction under Title 18, United States Code, Chapter 110, Chapter 71, Chapter 109A, Chapter 117, or under Section 920 of Title 10, or under the laws of any state relating to the sexual exploitation of children, such person shall be imprisoned for not less than twenty-five (25) years, nor more than fifty (50) years, but if such person has two such prior

convictions, such person shall be imprisoned not less than thirty-five (35) years, nor more than life (18 U.S.C. § 2251(e)).

      2.     A fine of not more than $250,000.00 (18 U.S.C. § 3571(b)(3)).

      3.     Supervised release for any term of not less than five (5) years, and up to life (18 U.S.C. § 3583(k)).

      4.     Any or all of the above.

      **B.**     **As to Count Two: Distributing Visual Depictions of Minors Engaging in Sexually Explicit Conduct (18 U.S.C. §§ 2252(a)(2) and (b)(1)):**

      1.     Imprisonment of not less than five (5) years, nor more than twenty (20) years, but if such person has a prior conviction under Title 18, United States Code, Chapter 110, Chapter 71, Chapter 109A, Chapter 117, or under Section 920 of Title 10, or under the laws of any state relating to the sexual exploitation of children, such person shall be imprisoned for not less than fifteen (15) years, nor more than forty (40) years. (18 U.S.C. § 2252(b)(1)).

      2.     A fine of not more than $250,000.00 (18 U.S.C. § 3571(b)(3)).

      3.     Supervised release for any term of not less than five (5) years, and up to life (18 U.S.C. § 3583(k)).

      4.     Any or all of the above.

      **C.**     **As to Count Three:  Access with Intent to View Material Depicting the Sexual Exploitation of a Minor (18 U.S.C. §§ 2252(a)(4)(B) and 2252(b)(2)):**

      1.     Imprisonment of not more than ten (10) years, but if any image of child pornography involved in the offense involved a prepubescent minor or a minor who had not attained 12 years of age, the defendant shall be imprisoned for not more than 20 years, or if the defendant has a prior conviction (Title 18, United States Code, Chapter 110, Chapter 71, Chapter 109A, Chapter 117 or under Section 920 of Title 10) or under the laws of any state relating to

aggravated sexual abuse, sexual abuse, or abusive sexual conduct involving a minor or ward, or the production, possession, receipt, mailing, sale, distribution, shipment, or transportation of child pornography, such person shall be imprisoned not less than 10 years nor more than 20 years. (18 U.S.C. § 2252(b)(2)).

2.      A fine of not more than $250,000.00 (18 U.S.C. § 3571(b)(3)).

3.      A term of supervised release of not less than five (5) years and up to life (18 U.S.C. § 3583(k)).

4.      Any or all of the above.

### IV. **MANDATORY SPECIAL ASSESSMENT**

A mandatory special assessment of $100.00 must be imposed at each count upon which the defendant is convicted, pursuant to 18 U.S.C. § 3013.

With respect to Counts One through Three, an additional special assessment of $5,000.00 must be imposed at each count upon which the defendant is convicted, as the offenses were committed after May 29, 2015, and the offenses are located within Chapters 110 and 117 of Title 18, United States Code. 18 U.S.C. § 3014(a).

With respect to each of Counts One and Two, pursuant to 18 U.S.C. § 2259A(a)(3), an additional special assessment of not more than $35,000.00 shall be assessed, as the offenses were committed after December 7, 2018, and the offenses are for trafficking in child pornography as defined in 18 U.S.C. § 2259(c)(3).

Further, with respect to Count Three, pursuant to 18 U.S.C. § 2259A(a)(1), an additional special assessment of not more than $17,000.00 shall be assessed, as the offense was committed after December 7, 2018, and the offense is under § 2252(a)(4).

6

## V.  RESTITUTION

Restitution may be required in this case, together with any authorized penalty, as part of the defendant's sentence pursuant to 18 U.S.C. §§ 3663, 3663A, 2429, and 2259.

As to Counts One through Three, pursuant to 18 U.S.C. § 2259(b)(2)(B), the amount of restitution per victim shall not be less than $3,000.00.

## VI.  FORFEITURE

As set forth in the Indictment, forfeiture may be applicable in this case.

Respectfully submitted,

TROY RIVETTI
United States Attorney

*/s/ Rachel L. Rothberg*
RACHEL L. ROTHBERG
Trial Attorney, Child Exploitation and
Obscenity Section
CA ID No. 331595

*/s/ Kelly M. Locher*
KELLY M. LOCHER
Assistant U.S. Attorney
PA ID No. 322400